■ EMANUEL FISCHER et al., Respondents, v. PAN AMERICAN WORLD AIRWAYS, INC., Appellant.— Order, entered on May 25, 1964, denying defendant's motion to dismiss the complaint for failure to prosecute, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $30 costs to defendant-appellant and the motion to dismiss the complaint for lack of prosecution granted, with $10 costs. More than 27 months elapsed between the joinder of issue and the service of the motion to dismiss .for lack of prosecution. Defendant's motion to dismiss was made in May, 1964, prior to the filing of a note of issue and almost a year since the completion of the last discovery procedure initiated by plaintiffs in this action. (*Sortino* v. *Fisher*, 20 A D 2d 25.) Furthermore, there is no showing of merits by one having personal knowledge of the facts. (*De Long Corp.* v. *J. Rich Steers, Inc.*, 10 A D 2d 705.) Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.

■ ANN MCGEE, as Administratrix of the Estate of MICHAEL G. MCGEE, Deceased, et al., Plaintiffs, and GLORIA SCHMID, as Administratrix of the Estate of WILLIAM C. SCHMID, Deceased, Respondent, v. ADAMS PAPER AND TWINE Co., INC., et al., Appellants, et al., Defendants.— Order entered June 3, 1964, granting the motion of plaintiff Schmid for a further examination of defendants-appellants, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with $30 costs and disbursements to appellants, and the motion denied, with $10 costs. Defendants had been extensively examined pursuant to an order granted on March 10, 1960. A statement of readiness was thereafter filed and the action placed on the calendar. The motion for a further examination was made practically on the eve of the scheduled trial. Under our decisions in *Plantier* v. *Gould* (12 A D 2d 90) and *Price* v. *Brody* (7 A D 2d 204) further examinations before trial will not be permitted after the filing of a statement of readiness unless special, unusual or extraordinary circumstances are demonstrated. The record fails to show any such circumstances or any unusual and unanticipated conditions which developed after the case was noticed for trial in 1962 which warrant the granting of a further examination. It was therefore an improvident exercise of discretion to grant the motion. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.